IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANIS WAITE,

                          Plaintiff,                      ORDER

v.

                                                  16-cv-643-wmc

WOOD COUNTY, WISCONSIN,

                          Defendant.

---

The court held a final pretrial conference today, hearing argument on reserved motions in limine and directing the parties to file supplemental briefing on certain issues. The purpose of this order is to formalize those rulings.

IT IS ORDERED that:

1) Plaintiff's MIL Nos. 2 & 3 (dkt. #46) are GRANTED and defendant's MIL No. 1 (dkt. #48) is DENIED as specified at the final pretrial conference. Plaintiff may offer as exhibits her performance reviews for the years 2009, 2010 and 2011; however, the defendant may then introduce additional documents, kept in the regular course of business, that are contrary or related to plaintiff's employment history for the years offered.

2) Plaintiff's MIL No. 5 (dkt. #48), on which the court previously reserved, is DENIED. Exhibits 76 (Jochimsen text messages) and 89 (Arndt Facebook notification email) are excluded as hearsay. However, plaintiff may have until December 22, 2017, to submit authority supporting her argument that they are admissible over a hearsay objection. Defendant will have until the following Friday, December 29, to respond.

3) The reserved portion of Defendant's MIL No. 4 (dkt. #48) is DENIED; the court will permit the admission of *some* use of profanity but advises that such testimony will be limited if wholly gratuitous or unreasonably cumulative.

4) Defendant's MIL No. 6 (dkt. #48) as to plaintiff's mental health records at the damages phase of trial is GRANTED as unopposed because plaintiff will not offer these records as an exhibit.

5) The parties agree that front pay and back pay are matters for the court. Accordingly, the court RESERVES on defendant's MIL No. 6 regarding plaintiff's request for front pay.

6) On Sheriff Reichert's alleged romantic interest in plaintiff, Plaintiff may have until tomorrow, December 22, to submit authority that prior sexual harassment is admissible as evidence of a motivation to terminate in support of a sex-based discrimination to which defendant may respond by the following Friday, December 29.

7) The court has reconsidered its ruling on defendant's MIL No. 2 (dkt. #48) relating to the proposed testimony that Waite would offer detailing what CO Trzinski told her that she had been directed to report if Waite used profanity. (*See* dkt. #80 at 11-12.) Trzinski does not appear to be able to speak for Wood County, making her statement hearsay. Therefore, this portion of defendant's motion is GRANTED. The plaintiff may have until December 22, to provide additional authority to support the admissibility of this testimony over hearsay and hearsay-within-hearsay objections, to which the defendant may respond by the following Friday, December 29.

8) Based on the court's earlier opinion on the motions in limine (dkt. #80 at 1-2, 15-16), the objections raised to Spiegelhoff's testimony are well taken and his testimony is excluded. Any objections not yet raised to Lemieux's testimony must be raised by defendant by December 29. The court will not issue rulings on objections to deposition designations for other witnesses, because all will be appearing at trial.

9) The court will provide updated, proposed closing instructions by tomorrow. The parties shall submit any proposed changes by December 29, in either track changes or with the proposed modifications highlighted.

10) Defendant may have until tomorrow, December 22, to provide its updated exhibit list, incorporating the so-called "provisional exhibits." Exhibit lists are to include *all* exhibits the proffering party foresees possibly using at trial (but not those for refreshing recollection or impeachment). Plaintiff may have until the following Friday, December 29, to raise objections to these additional exhibits, if any.

11) Plaintiff will have until Friday, December 29, to identify specific portions of Exhibits 42, 47, 61, and 62 that she wishes to offer into evidence, rather than use to refresh recollection. Other objections to plaintiff's exhibits are sustained or overruled as stated by the court during today's pretrial conference. Objections to defendant's exhibits are reserved until the telephonic conference in January.

12) To the extent the court missed setting forth a briefing schedule on other issues identified during the final pretrial conference, the parties may have until December 22 to file a brief, with any response due by December 29.

13) The court will hold a telephonic conference on January 4 at 10:00 a.m., at which it will take up matters reserved today or others timely raised by the parties. Plaintiff will be responsible for setting up the call to chambers at (608) 264-5087.

Entered this 21st day of December, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge