IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JANIS WAITE,

           Plaintiff,           ORDER

v.

           16-cv-643-wmc

WOOD COUNTY, WISCONSIN,

           Defendant.

In light of the additional briefing submitted by the parties, as well as previous argument by counsel, the court rules as follows on matters considered during the final pretrial conference on December 21, 2017:

- **ITEM NO. 2**

Neither party seeks to enter **Exhibit 76 (Jochimsen text message)** into evidence, although plaintiff wishes to retain the right to use it for impeachment and refreshing recollection. As indicated previously, this exhibit is excluded as hearsay. (*See* dkt. #87 ¶ 2.) Plaintiff will be permitted to ask a focused, leading question whether before her deposition Jochimsen held the opinion that she had been "used to get the outcome they were looking for." If Jochimsen responds in the negative, plaintiff may use the text message to impeach. However, plaintiff will not be allowed to explore the statement further unless defendant opens the door by asking Jochimsen for an explanation of that statement, the reasons for it or any change of heart.

As to **Exhibit 89 (Arndt Facebook notification email)**, the court reaffirms its ruling that the document is hearsay. (*See* dkt. #87 at ¶ 2.) Given its multiple hearsay problems and lack of any corroboration, this document is also excluded from reference at trial for all other purposes.

- **ITEM NO. 6**

As the court indicated in its decision on the motions in limine (dkt. #80 at 4 n.4) and again at the pretrial conference, plaintiff's assertion of Sheriff Reichert's alleged expression of a romantic interest in the plaintiff is too remote in time to the events at issue in this case, and her theory that it was motivation for her termination is too attenuated, for its introduction at trial unless the defendant opens the door to it.

Further, **Exhibit 65** cannot be used by plaintiff "to force open the door." The exhibit is excluded and -- barring proffers outside the presence of the jury regarding specific portions of the document -- it may only be used to refresh recollection or impeach. In particular, plaintiff will *not* be permitted to introduce or allude to the alleged statement "Always Been Close Friends" located approximately five lines from the bottom of the document, nor the sheriff's claim of friendship, nor plaintiff's denial of friendship. If defendant introduces the purported friendship in the first instance, this will open the door to plaintiff testifying that she and the sheriff were not friends, and to the contrary, their relationship became strained after she spurned his romantic overture.

- **ITEM NO. 7**

Plaintiff Waite will be permitted to testify that CO Trzinski told her within the context of Trzinski retraining the plaintiff as the result of the disciplinary process that Trzinski had been directed to report if Waite used profanity. Again, if plaintiff establishes that it was made in this context, then the statement is sufficiently related to the decisionmaking process to qualify as a statement of a party opponent.

- **ITEM NO. 11**

By agreement of the parties, plaintiff may use specific portions of **Exhibits 42, 47, 61 and 62** for purposes of refreshing the plaintiff's recollection.

- **OTHER MATTERS**

Any other matters raised by the parties' recent submissions may be taken up at this morning's 10:00 a.m. telephonic conference.

Entered this 4th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge